IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRY LEE HUNT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-0440-JED-FHM |
| | ) | |
| JANET DOWLING, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Terry Lee Hunt, a state inmate appearing through counsel, brings this 28 U.S.C. § 2254 habeas corpus action to challenge the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-1996-5169. Before the Court is Respondent's motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations (Doc. 6). Respondent filed a brief in support of her motion (Doc. 7). Petitioner did not file a response. For the reasons that follow, the Court grants Respondent's motion and dismisses the petition, with prejudice, as time-barred.

**I.**

In 1996, when Petitioner was 16 years old, he agreed to help Timothy Stemple kill Stemple's wife, Trisha, in exchange for a portion of Trisha's life insurance proceeds. Doc. 3, *Petition*, at 6; *see Stemple v. State*, 994 P.2d 61, 65 (Okla. Crim. App. 2000) (affirming judgment and sentence of Petitioner's co-defendant, Stemple, as to convictions of first-degree malice murder and conspiracy to commit murder). At the time, Stemple was having an affair with Petitioner's cousin. *Stemple*, 994 P.2d at 65. In October 1996, the two men

killed Trisha by beating her with a baseball bat and running over her with Stemple's truck. *Id.* at 65-66.

In December 1997, Petitioner pleaded guilty to one count of first-degree murder, and the trial court imposed a sentence of life with the possibility of parole. Doc. 3, *Petition*, at 9; Doc. 7, *Brief in Support of Motion to Dismiss*, at 1. Petitioner did not move to withdraw his plea or otherwise appeal his conviction and sentence. Doc. 7, at 1.

Petitioner filed an application for post-conviction relief in state district court on October 27, 2017, claiming his life sentence, imposed for a homicide he committed as a juvenile, violates the Eighth Amendment. Doc. 3, *Petition*, at 10. The district court denied the application on May 1, 2018, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of post-conviction relief on July 10, 2018. *Id.*; *see also* Doc. 3-1 (state district court order); Doc. 3-2 (appellate court order).

Petitioner filed the instant federal habeas petition on August 24, 2018. Doc. 3, *Petition*, at 1. Petitioner alleges he is entitled to habeas relief on one ground:

> The Oklahoma Court of Criminal Appeals made an unreasonable determination that *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, [136 S. Ct. 718] (2016), are not applicable to his de facto life without parole sentence, but the sentence is in violation of the Eighth Amendment.

*Id.* at 16.

Respondent urges this Court to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Doc. 6, *Motion to Dismiss*, at 1; Doc. 7, *Brief in Support of Motion to Dismiss*, at 1-6. Petitioner does not contest that the petition

2

is untimely. Doc. 3, *Petition*, at 11-12. Instead, he asserts the petition "should be construed as timely and be entitled to equitable tolling." *Id.* at 11.

## II.

State prisoners have only one year from the latest of four possible dates to file a timely federal habeas petition: (1) the date on which the prisoner's state-court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review," (2) the date on which a state-created impediment to filing a federal habeas petition was removed, (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or (4) the date on which the prisoner, with "due diligence" could have discovered "the factual predicate of the claim or claims presented." 28 U.S.C. § 2244(d)(1)(A)-(D).

Regardless of when the one-year limitation period commences, the period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). But statutory tolling is available only if the prisoner files an application for post-conviction relief or other collateral review before the one-year limitation period expires. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). In appropriate circumstances, the untimeliness of a federal habeas petition may be excused for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). To obtain equitable tolling, the habeas petitioner bears the

3

burden to demonstrate both (1) that he diligently pursued his federal claim and (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition. *Yang*, 525 F.3d at 928.

### A. The petition is untimely.

Petitioner was convicted and sentenced in 1997. Doc. 3, *Petition*, at 9. His sole habeas claim alleges his sentence violates the Eighth Amendment, as interpreted in *Miller* and *Montgomery*. *Id.* at 16. Under these facts, the Court agrees with Respondent that the relevant triggering date for Petitioner's one-year limitation period is the one found in § 2244(d)(1)(C): "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Doc. 7, *Brief in Support of Motion to Dismiss*, at 4.

Applying § 2244(d)(1)(C), the Court also agrees with Respondent that the petition is untimely. As Respondent argues, the one-year limitation period under this provision begins to run on the date the Supreme Court initially recognizes the constitutional right asserted, not the date the newly-recognized right is made retroactively applicable to cases on collateral review. Doc. 7, *Brief in Support of Motion to Dismiss*, at 3-4; *see Dodd v. United States*, 545 U.S. 353, 357 (2005). In *Dodd*, the Supreme Court considered when the one-year limitation period for filing a 28 U.S.C. § 2255 motion to vacate a sentence

begins to run under § 2255, ¶ 6(3)—a provision that mirrors § 2244(d)(1)(C).[1] *Dodd*, 545 U.S. at 356-57. The Supreme Court expressly rejected the argument that the one-year limitation period under this provision "runs from the date on which the right asserted was made retroactively applicable." *Id.* at 357. Rather, the Supreme Court held, the plain language of the provision "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* The Supreme Court recognized this interpretation of the statute created "the potential for harsh results in some cases," but reasoned that it was "not free to rewrite the statute that Congress has enacted." *Id.* at 359.

As previously stated, Petitioner primarily relies on *Miller* and *Montgomery* to argue that his sentence of life with the possibility of parole, imposed for a murder he committed as a juvenile, violates the Eighth Amendment. Doc. 3, *Petition*, at 16-31. In *Miller*, the Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 567 U.S. at 479. This holding flowed from the Supreme Court's earlier holding, in *Graham v. Florida*, 560 U.S. 48, 74 (2010), that the Eighth Amendment prohibits life-without-parole sentences for juvenile non-homicide offenders. *See Miller*, 567 U.S. at 471-78 (discussing *Graham*). However, while *Graham* imposed a categorical ban on life-without-parole sentences for all

---

[1] The provision considered in *Dodd* is now found at 28 U.S.C. § 2255(f)(3) and, as before, provides that the one-year period for filing a motion to vacate sentence may begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

5

juvenile non-homicide offenders, 460 U.S. at 74, *Miller* expressly declined to impose a categorical ban on life-without-parole sentences for all juvenile offenders, 567 U.S. at 479. Rather, as the Supreme Court later explained in *Montgomery*, its "substantive holding" in *Miller* was "that life without parole is an excessive sentence for children whose crimes reflect transient immaturity." *Montgomery*, 136 S. Ct. at 735. And, to "give[] effect to" that substantive holding, *Miller* "requires a sentencer to consider a juvenile's youth and attendant characteristics before determining that life without parole is a proportionate sentence." *Montgomery*, 136 S. Ct. at 734. Significantly, for state prisoners who were sentenced as juveniles to a mandatory term of life without parole before *Miller* was decided, *Montgomery* held that *Miller* announced a substantive rule of constitutional law that states must apply on collateral review. *Montgomery*, 136 S. Ct. at 735. Further, while the Supreme Court left States free to decide how to implement *Miller*'s procedural component, the Supreme Court explained that "a State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than resentencing them." *Montgomery*, 136 S. Ct. at 736.[2]

---

[2] The OCCA recently explained how state district courts in Oklahoma "are to retroactively apply *Miller* and *Montgomery* on post-conviction review." *Stevens v. State*, 422 P.3d 741, 748 (Okla. Crim. App. 2018). In doing so, the OCCA stated, "[t]o establish a claim under *Miller* and *Montgomery* on post-conviction review, the petitioner must establish that he is serving a sentence of life without parole for a homicide committed while he or she was under 18 years of age and was deprived of an individualized sentencing hearing wherein youth and its attendant characteristics were considered along with the nature of the crime." *Id.* The OCCA further explained that if a *Miller* violation is found, the district court should "conduct a new sentencing hearing" and resentence the petitioner "unless the State is agreeable to the modification of [the petitioner's] sentence to life imprisonment." *Id.* at 749.

6

As a preliminary matter, neither *Miller* nor *Montgomery* appear to support Petitioner's Eighth Amendment claim. Critically, Petitioner is serving a sentence of life *with* the possibility of parole for a homicide he committed as a juvenile and, as he acknowledges, he "has been considered [for parole] by the Parole Board on at least three occasions." Doc. 3, *Petition*, at 18. Nonetheless, Petitioner contends he is serving a "de facto life without parole" sentence because the Oklahoma Pardon and Parole Board rarely grants parole. *Id.* at 16-31. Given the nature of his sentence and the fact that he has received the only remedy *Miller* requires—i.e., the possibility for parole—Petitioner does not appear to present a colorable Eighth Amendment claim.

In any event, even assuming Petitioner could rely on the rule announced in *Miller*, and made retroactively applicable to cases on collateral review by *Montgomery*, the Court agrees with Respondent that the habeas petition is time-barred. Under *Dodd*, Petitioner's one-year limitation period commenced on June 26, 2012, the day after *Miller* was decided, and expired on June 26, 2013. *See Dodd*, 545 U.S. at 357. Petitioner did not file the instant federal habeas petition until August 24, 2018—over five years too late. Thus, absent statutory or equitable tolling, the petition is time-barred.

**B.   Statutory tolling does not apply.**

As just discussed, Petitioner's one-year limitation period for filing a *Miller* claim expired on June 26, 2013. Petitioner did not file an application for post-conviction relief in state district court until October 27, 2017. Doc. 3, *Petition*, at 10; Doc. 3-1, *District Court Order Denying Application for Post-Conviction Relief*, at 1. As a result, Petitioner's

7

application for post-conviction relief had no tolling effect. *See Fisher*, 262 F.3d at 1142-43; 28 U.S.C. § 2244(d)(2).

C.     **Petitioner has not shown that equitable tolling is warranted.**

Petitioner asserts that he is "entitled to equitable tolling." Doc. 3, *Petition*, at 11. However, as Respondent contends, Petitioner supports this assertion with a discussion of general legal principles regarding equitable tolling and fails to provide any specific facts supporting application of those principles in this case. *See id.* at 11-12; Doc. 7, *Brief in Support of Motion to Dismiss*, at 5. Petitioner therefore fails to satisfy his burden to "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang*, 525 F.3d at 928 (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). The Court thus concludes that equitable tolling is not warranted.

### III.

Petitioner relies on *Miller v. Alabama*, 567 U.S. 460 (2012), to support his claim that his life sentence violates the Eighth Amendment. But he waited over five years after *Miller* was decided to seek federal habeas relief. The petition is thus untimely under 28 U.S.C. § 2244(d)(1)(C). And Petitioner has not alleged, much less demonstrated, any specific facts that would justify excusing the untimeliness of the petition for equitable reasons. The Court therefore grants Respondent's motion to dismiss the petition for writ of habeas corpus as time-barred, and dismisses the petition, with prejudice. Additionally, because no reasonable jurists would debate the correctness of the Court's determination that the petition should be dismissed as untimely, the Court declines to issue a certificate

of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

        **ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Doc. 6) is **granted**.

2. The petition for writ of habeas corpus (Doc. 3) is **dismissed with prejudice** as time-barred.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

ORDERED this 17th day of May, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT